UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

| | |
|---|---|
| JOHN TRITLE & CRISTY TRITLE<br>9895 McClanahan Road<br>Greencastle, PA 17225<br><br>    Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>**Serve On:**<br><br>Loretta E. Lynch, Esquire<br>Attorney General of the United States<br>U.S. Department of Justice<br>950 Pennsylvania Ave., NW<br>Washington, D.C. 20530<br><br>And<br><br>William J. Ihlenfeld, II, Esquire<br>U.S. Attorney for Northern The<br>District of West Virginia<br>U.S. Attorney's Office, Martinsburg Branch<br>217 W. King Street, Suite 400<br>Martinsburg, WV 25401<br><br>    Defendant. | CASE NO.: 3:15-cv-79 (Groh)<br><br>Electronically filed: June 26, 2015 |

## COMPLAINT

Plaintiffs John Tritle and Cristy Tritle by and through undersigned counsel D. Michael Burke, Esq. hereby sue Defendant United States of America and in support thereof state the following:

    1.    This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2. The United States of America (hereinafter "the Defendant") is the Defendant in this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2671, *et. seq.*

3. Plaintiffs John Tritle and Cristy Tritle (hereinafter "Mr. Tritle" and "Mrs. Tritle"), at all times relevant hereto, were adults living together as husband and wife. Mr. Tritle and Mrs. Tritle are now residents of Greencastle, Pennsylvania.

4. Venue for this action is appropriately in this District pursuant to 28 U.S.C. '1402, as the act complained of occurred at Martinsburg Veterans Affairs Medical Center located in Martinsburg, Berkeley County, West Virginia.

5. At all times relevant hereto, Martinsburg Veterans Affairs Medical Center (hereinafter "Martinsburg VAMC"), located at 510 Butler Avenue, Martinsburg, West Virginia, was owned and operated by the Defendant and which had a duty to provide reasonable and appropriate medical care to Mr. Tritle.

6. At all times relevant hereto, Martinsburg VAMC held itself out as being a full-service medical center able to provide proper medical, surgical, nursing, diagnostic, and other medical services necessary to properly evaluate, diagnose, and treat patients such as Mr. Tritle.

7. At all times material, the medical and nursing staff at the Martinsburg VAMC were employed by the Defendant and acting within the course and scope of their employment with Defendant.

8. Each of the Health Care Providers at Martinsburg VAMC were employees of the United States acting within the scope of their employment at the time they cared for Mr. Tritle.

9. Pursuant to 28 U.S.C. §2675(a), the claim set forth herein was presented to the Department of Veterans Affairs on March 15, 2013. On February 24, 2015, the Department of

Veterans Affairs denied the claim. Accordingly, all administrative remedies have been exhausted.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. On or about February 15, 2012, Mr. Tritle sought medical treatment and care at the Martinsburg VAMC for the continued management of visual deficits in connection with his Type II diabetes.

11. Upon information and belief, prior to this visit, Mr. Tritle had received the same or similar care from various providers at Martinsburg VAMC and elsewhere.

12. On February 15, 2012, Mr. Tritle received an injection of Avastin into his right eye by Jeevan Mathura M.D. (hereinafter "Dr. Mathura"), an attending Ophthalmologist, in an attempt to alleviate Mr. Tritle's macular edema.

13. Upon information and belief, and as noted in his medical records, prior to this event, Mr. Tritle had received Avastin injections into his eyes but was noted to experience increased intraocular pressure following the injections of Avastin.

14. As such, Mr. Tritle's medical records reflect that Waqas Ilyas, M.D. (hereinafter "Dr. Ilyas") recommended that in the future the medical staff "avoid" administering Mr. Tritle with Avastin because of the increased ocular pressure he experienced and because the treatment was not effective in treating Mr. Tritle.

15. Despite the orders by Dr. Ilyas and the documented adverse reactions experienced by Mr. Tritle when injected with Avastin, Dr. Mathura injected Mr. Tritle's right eye with Avastin.

16. Mr. Tritle became vasovagal and complained of poor vision immediately following the injection. Despite his noted pain and complaints immediately following the

injection and prior history of increased intraocular pressure, Martinsburg VA failed to evaluate or measure Mr. Tritle's intraocular pressure.

17. Mr. Tritle was sent home after the procedure only to return to Martinsburg VAMC on February 17, 2012, with complaints of 10/10 pain in his right eye accompanied with poor vision.

18. When measured, the intraocular eye pressure in the right eye was 52. Normal ranges from 12-22. Increased intraocular eye pressure causes damage to the optic nerve.

19. Upon examination, Mr. Tritle was found to have severe corneal edema with very narrow angles and the cornea was touching the angles. As a result, Mr. Tritle required continuous follow-up visits for the medical management of the permanent damage to his right eye as a result of the Avastin injection and increased intraocular pressure.

20. On November 15, 2012, the Department of Veteran Affairs determined that as a result of the Avastin injection on February 15, 2012, at the Martinsburg VAMC, Mr. Tritle had loss of vision in his right eye with only light perception. As a result, Mr. Tritle was given an 80% total body disability rating reflecting his permanent and irreversible disability.

21. John Tritle and Cristy Tritle filed Administrative Claims with the Office of Regional Counsel, Department of Veterans Affairs on March 15, 2013. Those claims were denied by the Veterans Administration on February 24, 2015.

22. All of the conditions precedent for bringing this lawsuit have occurred.

## COUNT I
## MEDICAL NEGLIGENCE

Plaintiffs' incorporate the substance of the foregoing factual allegations as if fully stated herein and further state,

4

23. At all times relative hereto, the medical personnel at Martinsburg VAMC each had a duty to use that degree of care and skill in their treatment of Mr. Tritle that a reasonably competent physician and/or health care provider, engaged in the same or similar practice and acting in similar circumstances, would use.

24. The medical and nursing staff of Martinsburg VAMC deviated from appropriate standards of reasonable medical care in treating Mr. Tritle by:

    a) failing to provide proper medical care to include the wrongful injection of Avastin despite contraindications;

    b) failing to provide timely and proper medical interventions following the injection of Avastin to Mr. Tritle's right eye;

    c) failing to check the intraocular pressure in Mr. Tritle's right eye following the Avastin injection;

    d) failing to provide Mr. Tritle with elevated and emergent medical measures which more likely than not would have saved the sight in his right eye;

    e) failing to perform a peripheral iridotomy;

    f) improperly injecting Mr. Tritle's right eye with Avastin thereby precipitating acute angle closure glaucoma;

    g) failing to closely monitor, evaluate, and respond to Mr. Tritle's medical status;

    h) failing to follow the orders written in Mr. Tritle's medical records;

    i) failing to review Mr. Tritle's prior medical records;

    j) failing to properly diagnose and respond to Mr. Tritle's condition; and

    k) failing to otherwise render appropriate care to Mr. Tritle.

25. The Defendant is liable for the negligent medical care provided to Mr. Tritle by the employees at the Martinsburg VAMC.

26. As a direct and proximate result of the negligence of the Defendant, Mr. Tritle sustained permanent and irreversible injuries, including but not limited to permanent blindness in his right eye and the resulting pain and suffering, disability, disfigurement, mental and emotional anguish, loss of capacity for the enjoyment of life, loss of earnings and loss of ability to earn money. The losses sustained by Mr. Tritle are permanent and continuing in nature leaving him to suffer substantial future losses.

27. As a direct and proximate result of the negligence of Defendant, Mr. Tritle has suffered permanent and irreversible injuries, including but not limited to permanent blindness in his right eye, physical and emotional pain and suffering, and pecuniary loss.

WHEREFORE, Plaintiff John Tritle demands judgment for damages and costs against Defendant United States of America in excess of the limit of the concurrent jurisdiction of the District Court, plus all costs and interest and such other relief as may be just and proper.

## COUNT II
## LOSS OF CONSORTIUM CLAIM OF CRISTY TRITLE

Plaintiff Cristy Tritle incorporates the substance of the foregoing factual allegations as if fully stated herein and further states,

28. At all times material to the allegations herein, Plaintiff Cristy Tritle was the wife of Plaintiff John Tritle.

29. As a direct and proximate result of the negligence stated in the aforementioned Count I by the Defendant has caused injury to the marital relationship between the Plaintiffs, including but not limited to, loss of society, loss of companionship, affection, assistance and consortium.

WHEREFORE, Plaintiff Cristy Tritle demands judgment for damages and costs against Defendant United States of America in excess of the limit of the concurrent jurisdiction of the District Court, plus costs and interest and such other relief as may be just and proper.

## CERTIFICATE OF GOOD FAITH

The undersigned counsel certifies that a reasonable investigation has been made as permitted by the circumstances to determine that grounds exist for a good faith belief that there has been negligence in the care and treatment of Mr. Tritle. The investigation gave rise to a good faith belief that grounds exist for an action against the Defendants named herein.

Dated this 26th day of June 2015.

Plaintiffs
By Counsel

_____
D. Michael Burke, Esquire
West Virginia Bar No.: 550
P.O. Box 1938
Martinsburg, West Virginia 25404
Ph. (304) 263-0900
Fax (304) 267-0469
dmburke@burkeandschultz.com

*Attorneys for Plaintiffs*